## STATE

v.

## Richard SULLIVAN.

### No. 95–417–C.A.

Supreme Court of Rhode Island.

April 12, 1996.

Andrea Mendes, Aaron Weisman, Providence.

Charles J. Rogers, Jr., Providence.

### ORDER

This case came before the court for oral argument April 8, 1996, pursuant to an order that had directed the defendant to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided. The defendant, Richard Sullivan, appeals from convictions of manslaughter, carrying a weapon while under the influence of alcoholic beverages and possession of marijuana.

The defendant gave a statement to members of the police department of the town of Smithfield in which he admitted that he pointed a pistol at his friend, Robert Stancil, on February 2, 1992, and pulled the trigger, believing that the gun was not loaded. He further stated that he was "half in the bag" at the time that he had arranged to meet his friend at the defendant's home. An examination at St. Joseph Hospital following the shooting disclosed that the alcohol content of

the defendant's blood was twice the legal limit indicating intoxication. Initially the defendant was charged with first degree murder. The trial justice instructed the jury on the lesser included offense of manslaughter and on the issue of diminished capacity. The jury returned a verdict of guilty of voluntary manslaughter following these instructions. The defendant has argued that the instructions of the trial justice were erroneous because he failed to instruct the jury on accidental homicide.

We are of the opinion that the trial justice's instructions were not erroneous and that the evidence in this case would not justify a verdict of accidental homicide. *See State v. Freeman,* 473 A.2d 1149, 1151 (R.I. 1984). It should also be noted that carrying a weapon while intoxicated itself constitutes a felony pursuant to G.L.1956 § 11–47–2.

We have considered all other issues raised by counsel for the defendant and hold that they are without merit.

Consequently, the judgments of conviction are affirmed and the defendant's appeal is denied and dismissed.